UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE CO., GEICO INDEMNITY CO., GEICO GENERAL INSURANCE COMPANY GEICO CASUALTY CO., | **15-CV-00537-ARR-JO** |
| Plaintiffs, | |
| -against- | **ANSWER TO COMPLAINT** |
| STEWART BAKST, M.D. ANDREW MCDONNELL, M.D. | |
| --AND-- | |
| PROFESSIONAL HEALTH IMAGING, P.C., PROFESSIONAL HEALTH RADIOLOGY, P.C., COMMUNITY MEDICAL IMAGING, P.C., | |
| --AND-- | |
| GRIGORY VAYNSHTEYN, ALBERT VAYNSHTEYN, BORIS YUABOV, BORO HEALTH MANAGEMENT, CARDENAL MANAGEMENT CORP., BORO FOR HEALTH, LLC, QUALITY HEALTH MANAGEMENT, LLC PRONET MANAGEMENT, INC. MARKETING CONSULTING OF NY, LLC | |
| Defendants. | |

Defendants Andrew McDonnell M.D. ("McDonnell") and Community Medical Imaging, P.C. ("CMI") (collectively "Community Defendants") by and through their attorneys the Zuppa Firm PLLC as and for their Answer to the Plaintiffs' Complaint, states the following:

## NATURE OF THE ACTION

1.        Denies the allegations as to Community Defendants and denies having knowledge and information sufficient to form a belief as to the truth of the allegations against the other defendants.

1

2.      Denies the allegations in as much as they are intended to pertain to the Community Defendants and denies having knowledge and information sufficient to form a belief as to the truth of the allegations against the other defendants.

3.      Denies the allegations in as much as they are intended to pertain to the Community Defendants and denies having knowledge and information sufficient to form a belief as to the truth of the allegations against the other defendants.

4.      Denies the allegations in as much as they are intended to pertain to the Community Defendants and denies having knowledge and information sufficient to form a belief as to the truth of the allegations against the other defendants.

5.      Denies the allegations in as much as they are intended to pertain to the Community Defendants and denies having knowledge and information sufficient to form a belief as to the truth of the allegations against the other defendants.

6.      Denies the allegations in as much as they are intended to pertain to the Community Defendants and denies having knowledge and information sufficient to form a belief as to the truth of the allegations against the other defendants.

7.      Denies the allegations in as much as they are intended to pertain to the Community Defendants and denies having knowledge and information sufficient to form a belief as to the truth of the allegations against the other defendants.

8.      . Denies the allegations in as much as they are intended to pertain to the Community Defendants and denies having knowledge and information sufficient to form a belief as to the truth of the allegations against the other defendants.

9.      Denies the allegations in as much as they are intended to pertain to the Community Defendants and denies having knowledge and information sufficient to form a belief as to the truth of the allegations against the other defendants.

## THE PARTIES

**I.      Plaintiffs**

10.     Denies having knowledge and information sufficient to form a belief.

**II.     Defendants**

11.     Denies having knowledge and information sufficient to form a belief.

12.     Denies as to the characterization as "the nominal or 'paper' owner of CMI.'"

13.     Denies having knowledge and information sufficient to form a belief.

14.     Denies having knowledge and information sufficient to form a belief.

15.     Denies.

16.     Denies having knowledge and information sufficient to form a belief as to the other Defendants and Denies as to the Community Defendants.

17.     Denies having knowledge and information sufficient to form a belief.

18.     Denies having knowledge and information sufficient to form a belief.

19.     Denies having knowledge and information sufficient to form a belief.

20.     Denies having knowledge and information sufficient to form a belief.

21.     Denies having knowledge and information sufficient to form a belief.

22.     Denies having knowledge and information sufficient to form a belief.

23.     Denies.

24.     Denies.

25.     Denies as the allegation calls for a legal conclusion.

26.     Denies as the allegation calls for a legal conclusion.

**JURISDICTION AND VENUE**

27.     Denies having knowledge and information sufficient to form a belief.

28.     Denies as the allegation calls for a legal conclusion.

29.     Denies as the allegation calls for a legal conclusion.

30.     Denies as the allegation calls for a legal conclusion.

31.     Denies as the allegation calls for a legal conclusion.

32.     Denies as the allegation calls for a legal conclusion.

33.     Denies as the allegation calls for a legal conclusion.

34.     Denies as the allegation calls for a legal conclusion.

35.     Denies as the allegation calls for a legal conclusion.

36.     Denies as the allegation calls for a legal conclusion.

37.     Denies as the allegation calls for a legal conclusion.

38.     Denies as the allegation calls for a legal conclusion.

39.     Denies as the allegation calls for a legal conclusion.

40.     Denies as the allegation calls for a legal conclusion.

**II.     The Fraudulent Incorporation and Operation of the PC Defendants**

41.     Denies.

42.     Denies.

**B.     Professional Health Imaging, P.C.**

43.     Denies having knowledge and information sufficient to form a belief.

44.     Denies having knowledge and information sufficient to form a belief.

45.     Denies having knowledge and information sufficient to form a belief.

46.    Denies having knowledge and information sufficient to form a belief.

47.    Denies having knowledge and information sufficient to form a belief.

48.    Denies having knowledge and information sufficient to form a belief.

49.    Denies having knowledge and information sufficient to form a belief.

50.    Denies having knowledge and information sufficient to form a belief.

51.    Denies having knowledge and information sufficient to form a belief.

52.    Denies having knowledge and information sufficient to form a belief.

53.    Denies having knowledge and information sufficient to form a belief.

54.    Denies having knowledge and information sufficient to form a belief.

55.    Denies having knowledge and information sufficient to form a belief.

56.    Denies having knowledge and information sufficient to form a belief.

57.    Denies having knowledge and information sufficient to form a belief.

58.    Denies having knowledge and information sufficient to form a belief.

59.    Denies having knowledge and information sufficient to form a belief.

60.    Denies having knowledge and information sufficient to form a belief.

61.    Denies having knowledge and information sufficient to form a belief.

62.    Denies having knowledge and information sufficient to form a belief.

63.    Denies having knowledge and information sufficient to form a belief.

64.    Denies having knowledge and information sufficient to form a belief.

**C.    Professional Health Radiology, P.C.**

65.    Denies having knowledge and information sufficient to form a belief.

66.    Denies having knowledge and information sufficient to form a belief.

67.    Denies having knowledge and information sufficient to form a belief.

68.     Denies having knowledge and information sufficient to form a belief.

69.     Denies having knowledge and information sufficient to form a belief.

70.     Denies having knowledge and information sufficient to form a belief.

71.     Denies having knowledge and information sufficient to form a belief.

72.     Denies having knowledge and information sufficient to form a belief.

73.     Denies having knowledge and information sufficient to form a belief.

74.     Denies having knowledge and information sufficient to form a belief.

75.     Denies having knowledge and information sufficient to form a belief.

76.     Denies having knowledge and information sufficient to form a belief.

77.     Denies having knowledge and information sufficient to form a belief.

78.     Denies having knowledge and information sufficient to form a belief.

79.     Denies having knowledge and information sufficient to form a belief.

80.     Denies having knowledge and information sufficient to form a belief.

81.     Denies having knowledge and information sufficient to form a belief.

82.     Denies having knowledge and information sufficient to form a belief.

**D.      Community Medical Imaging, P.C.**

83.     Denies having knowledge and information sufficient to form a belief.

84.     Denies.

85.     Denies.

86.     Denies.

87.     Denies having knowledge and information sufficient to form a belief.

88.     Denies.

89.     Denies.

90.     Denies.

91.     Denies.

92.     Denies.

93.     Denies.

94.     Denies.

95.     Denies.

96.     Denies.

97.     Denies.

98.     Denies.

99.     Denies.   The paraphrase and context of the testimony is misrepresented in the Complaint.  The transcript of the testimony speaks for itself.

100.    Denies.

101.    Denies.

102.    Denies.

103.    Denies.

104.    Denies as the allegation calls for a legal conclusion that is unfounded.

105.    Denies.

106.    Denies as the allegation calls for a legal conclusion that is unfounded.

107.    Denies.

108.    Denies.

109.    Denies.

110.    Denies.

111.    Denies.

**III.     The Fraudulent Billing for Services Provided by Independent Contractors**

112.    Denies as to the Community Defendants.

113.    Denies as to the Community Defendants and calls for a legal conclusion.

114.    Denies as it calls for a legal conclusion.

115.    Denies having knowledge and information sufficient to form a belief.

116.    Denies as it calls for a conclusion of law.

117.    Denies having knowledge and information sufficient to form a belief.

**IV.     Dr. Bakst's Failure to Practice Medicine Through PHI and PHR**

118.    Denies.

119.    Denies.

120.    Denies as it calls for a conclusion of law.

121.    Denies as it calls for a conclusion of law.

122.    Denies having knowledge and information sufficient to form a belief.

123.    Denies having knowledge and information sufficient to form a belief.

124.    Denies having knowledge and information sufficient to form a belief.

125.    Denies having knowledge and information sufficient to form a belief.

126.    Denies having knowledge and information sufficient to form a belief.

**V.      The Fraudulent NF-3 Forms Submitted to GEICO**

127.    Denies as to the Community Defendants.

128.    Denies as to the Community Defendants.

**VI.     Defendants' Fraudulent Concealment and GEICO's Justifiable Reliance**

129.    Denies as this allegation is ephemeral.

130.    Denies as to the Community Defendants.

131.     Denies as to the Community Defendants and notes that the Community Defendants appeared at lengthy, grossly unprofessionally conducted Examination Under Oath and has provided the Plaintiffs will full sets of bank records and tax returns, etc.

132.     Denies as to the Community Defendants.

133.     Denies as to the Community Defendants.

134.     Denies as to the Community Defendants.

135.     Denies as to the Community Defendants.

136.     Denies as to the Community Defendants who must pursue payment through arbitration due to the Plaintiffs illegal claims handling.

137.     Denies as GEICO has many methods to toll the time to pay or deny and routinely violates their obligation as a routine course of business because they know that filing a RICO suit will cause medical providers to abandon claims because the defense of a RICO suit is costly.

138.     Denies and notes that this allegation is knowingly and patently false.

139.     Denies as to Community wherein GEICO has blatantly flouted the No Fault Laws.

140.     Denies.

**FIRST CAUSE OF ACTION**

141.     See above responses.

142.     Denies at to the Community Defendants.

143.     Denies at to the Community Defendants.

144.     Denies at to the Community Defendants.

145.     Denies at to the Community Defendants.

146.     Denies at to the Community Defendants.

147.    Denies at to the Community Defendants.

## SECOND CAUSE OF ACTION

148.    See above responses.

149.    Denies having knowledge and information sufficient to form a belief.

150.    Denies having knowledge and information sufficient to form a belief.

151.    Denies having knowledge and information sufficient to form a belief.

152.    Denies having knowledge and information sufficient to form a belief.

153.    Denies having knowledge and information sufficient to form a belief.

154.    Denies having knowledge and information sufficient to form a belief.

## THIRD CAUSE OF ACTION

155.    See above responses.

156.    Denies having knowledge and information sufficient to form a belief.

157.    Denies having knowledge and information sufficient to form a belief.

158.    Denies having knowledge and information sufficient to form a belief.

159.    Denies having knowledge and information sufficient to form a belief.

160.    Denies having knowledge and information sufficient to form a belief.

161.    Denies having knowledge and information sufficient to form a belief.

## FOURTH CAUSE OF ACTION

162.    See above responses.

163.    Denies having knowledge and information sufficient to form a belief.

164.    Denies having knowledge and information sufficient to form a belief.

165.    Denies having knowledge and information sufficient to form a belief.

166.    Denies having knowledge and information sufficient to form a belief.

167.    Denies having knowledge and information sufficient to form a belief.

168.    Denies having knowledge and information sufficient to form a belief.

## FIFTH CAUSE OF ACTION

169.    See above responses.

170.    Denies having knowledge and information sufficient to form a belief.

171.    Denies having knowledge and information sufficient to form a belief.

172.    Denies having knowledge and information sufficient to form a belief.

173.    Denies having knowledge and information sufficient to form a belief.

174.    Denies having knowledge and information sufficient to form a belief.

## SIXTH CAUSE OF ACTION

175.    See above responses.

176.    Denies having knowledge and information sufficient to form a belief.

177.    Denies having knowledge and information sufficient to form a belief.

178.    Denies having knowledge and information sufficient to form a belief.

179.    Denies having knowledge and information sufficient to form a belief.

180.    Denies having knowledge and information sufficient to form a belief.

181.    Denies having knowledge and information sufficient to form a belief.

## SEVENTH CAUSE OF ACTION

182.    See above responses.

183.    Denies having knowledge and information sufficient to form a belief.

184.    Denies having knowledge and information sufficient to form a belief.

185.    Denies having knowledge and information sufficient to form a belief.

186.    Denies having knowledge and information sufficient to form a belief.

187.    Denies having knowledge and information sufficient to form a belief.

188.    Denies having knowledge and information sufficient to form a belief

## EIGHTH CAUSE OF ACTION

189.    See above responses.

190.    Denies having knowledge and information sufficient to form a belief.

191.    Denies having knowledge and information sufficient to form a belief.

192.    Denies having knowledge and information sufficient to form a belief.

193.    Denies having knowledge and information sufficient to form a belief.

194.    Denies having knowledge and information sufficient to form a belief.

195.    Denies having knowledge and information sufficient to form a belief.

## NINTH CAUSE OF ACTION

196.    See above responses.

197.    Denies having knowledge and information sufficient to form a belief.

198.    Denies having knowledge and information sufficient to form a belief.

199.    Denies having knowledge and information sufficient to form a belief.

200.    Denies having knowledge and information sufficient to form a belief.

201.    Denies having knowledge and information sufficient to form a belief.

## TENTH CAUSE OF ACTION

202.    See above responses.

203.    Denies.

204.    Denies.

205.    Denies.

206.    Denies.

207.    Denies.

208.    Denies.

## ELEVENTH CAUSE OF ACTION

209.    See above responses.

210.    Denies.

211.    Denies.

212.    Denies.

213.    Denies.

214.    Denies.

215.    Denies.

## TWELFTH CAUSE OF ACTION

216.    See above responses.

217.    Denies.

218.    Denies.

219.    Denies.

220.    Denies.

221.    Denies.

222.    Denies.

## THIRTEENTH CAUSE OF ACTION

223.    See above responses.

224.    Denies.

225.    Denies.

226.    Denies.

227.    Denies.

228.    Denies.

### JURY DEMAND

229.    Defendant also demands a trial by Jury.

### WHEREFORE CLAUSE

230.    As to the entire "wherefore clause" "A" through "M" the Community Defendants deny the allegations in as much as they are intended to pertain to the Community Defendants and denies having knowledge and information sufficient to form a belief as to the truth of the allegations against the other defendants

### AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

231.    Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR THE SECOND AFFIRMATIVE DEFENSE

232.     Plaintiffs have failed to plead fraud, RICO and RICO Conspiracy with the requisite specificity.

### AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

233.    Plaintiffs' Complaint is barred under Federal Rules of Civil Procedure Rule 9.

### AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE

234.    Plaintiffs have failed to plead and satisfy legal prerequisites and/or conditions precedent to commencing and/or maintaining this action.

### AS AND FOR THE FIFTH AFFIRMATIVE DEFENSE

235.    Plaintiffs' Complaint fails to properly allege any actionable damage.

### AS AND FOR THE SIXTH AFFIRMATIVE DEFENSE

236.     Plaintiff has failed to plead a valid cause of action against Defendants under the RICO statute.

### AS AND FOR THE SEVENTH AFFIRMATIVE DEFENSE

237.     Plaintiffs do not have a valid cause of action against Defendants under the RICO statute.

### AS AND FOR THE EIGHTH AFFIRMATIVE DEFENSE

238.     RICO does not apply to Defendants.

### AS AND FOR THE NINTH AFFIRMATIVE DEFENSE

239.     Defendants did not violate RICO or cause any alleged damages that would be recoverable under said act.

### AS AND FOR THE TENTH AFFIRMATIVE DEFENSE

240.     Defendants are not a proper party under RICO and did not commit any acts or omissions that would give rise to a valid cause of action under RICO.

### AS AND FOR THE ELEVENTH AFFIRMATIVE DEFENSE

241.     Plaintiffs' Complaint fails to properly plead and plaintiffs do not have a valid cause of action for unjust enrichment.

### AS AND FOR THE TWELFTH AFFIRMATIVE DEFENSE

242.     Plaintiffs' alleged damages are speculative and/or otherwise not recoverable therefore Plaintiffs are not entitled to any relief.

### AS AND FOR THE THIRTEENTH AFFIRMATIVE DEFENSE

243.     Plaintiffs cannot maintain a cause of action for fraud or unjust enrichment derived from a claim for breach of contract.

### AS AND FOR THE FOURTEENTH AFFIRMATIVE DEFENSE

244.     Plaintiffs' Amended Complaint is barred by the Statute of Limitations.

### AS AND FOR THE FIFTEENTH AFFIRMATIVE DEFENSE

245.     The Plaintiffs are barred from asserting claims in the Complaint by reason of their failure to include a necessary party to this litigation.

### AS AND FOR THE SIXTEENTH AFFIRMATIVE DEFENSE

246.     Plaintiffs' Complaint is barred by their failure to file in the proper venue.

### AS AND FOR THE SEVENTEENTH AFFIRMATIVE DEFENSE

247.     Plaintiffs' claims are barred in whole or in part by the equitable doctrines of waiver, acquiescence, laches and/or estoppel.

### AS AND FOR THE EIGHTEENTH AFFIRMATIVE DEFENSE

248.     If the Plaintiffs sustained injuries as they complain they did said injuries were caused in whole or part by the fault or faults of other parties for whom Defendants have no legal responsibility or control over, including Plaintiffs' own faults.

### AS AND FOR THE NINETEENTH AFFIRMATIVE DEFENSE

249.     Plaintiffs' Complaint fails to describe the claims asserted against Defendants with sufficient particularity to permit Defendants to ascertain what other defenses may exist. Defendants reserves the right to assert all defenses which may pertain to the Plaintiff's Complaint once the precise nature of such claims has been ascertained.

### AS AND FOR THE TWENTIETH AFFIRMATIVE DEFENSE

250.     This Complaint is part of the Plaintiffs' and their agents' false and deceptive scheme to increase profits by refusing to abide by the No Fault Law and its implementing regulations – thereby reducing expenses – which includes the Plaintiffs' refusal to: issue timely payment; issue timely denials; issue timely requests for additional verification; and the Plaintiffs'

abject refusal to properly recognize, acknowledge and act as per the law in consequence to multiple responses to demands for additional verification.  The Plaintiffs use expensive RICO litigation to force providers whose claims have not been properly and lawfully processed by Plaintiffs – and thereby must be paid in arbitration/litigation – to abandon their claims or face six figure legal bills.  In addition the Plaintiffs comprise an approximate 40% of the market if not more.  Refusal by the Plaintiffs to pay legitimate claims has the effect of rendering medical providers including the Community Defendants impotent to defend these expensive cookie cutter RICOs.

(a)   The Plaintiffs' conduct as per the above necessitated several complaints to the New York State Department of Finance by the Community Defendants.  The Plaintiffs have filed the within law suit: (i) in retaliation to the Community Defendants' complaint; (ii) to cover up the Plaintiffs' above described misconduct and wrongdoing; and (iii) as part of their above described scheme.

(b)   The No Fault law provides that claims for No-Fault benefits are overdue if they are not paid within thirty days after the claimant supplies proof of the fact and amount of loss sustained.  *NYS Ins Law §5106(a)*.

(c)   That under the law, EIPs can be reimbursed directly, or may assign such right to reimbursement to medical providers who treat them. *11 N.Y.C.R.R.  §65-3.11*.  This right of assignment enables EIPs who cannot afford to pay for medical treatment upfront and await reimbursement to pay nothing and receive the care they need.  Under these circumstances, the medical provider (Assignee) then pursues payment from the EIP's (Assignor's) insurance carrier.  The Assignee

inherits all of the rights and responsibilities of the Assignor and legally stands in the shoes of the Claimant/Assignor.

(d)    New York State residents are fooled and coerced into purchasing no fault insurance from plaintiffs.

    (i)    A vehicle registered in the State of New York must have New York State No Fault Insurance coverage issued by a company authorized to do business in New York State and licensed by the New York State Insurance Department.  Out-of-state insurance coverage of any type is never acceptable or valid for a vehicle registered in the State of New York.

    (ii)    Residents of New York must register their vehicles with New York State within 30 days after becoming a resident. Coverage must be issued in the name of the registrant and must remain in the name of the registrant at all times.

    (iii)    Residents of New York State must therefore purchase No Fault Insurance from a company – such as Plaintiffs – who is authorized to do business in the State of New York and licensed by the New York State Insurance Department.

    (iv)    Every contract of insurance under the New York No Fault law contains language to the effect that requests for additional verification such as Examinations Under Oath ("EUOs") and Independent Medical Examinations ("IMEs") must be reasonable.  11 NYCRR 65-3.2's requirement that the insurer "not demand verification of facts unless there are good reasons to do so" is necessarily invoked by the endorsement in

the contract that allows insurance companies to request verification in the first place.

(v)     Insurance Law § 5106. "Fair claims settlement" provides:

Payments of first party benefits and additional first party benefits shall be made as the loss is incurred. Such benefits are overdue if not paid within thirty days after the claimant supplies proof of the fact and amount of loss sustained. If proof is not supplied as to the entire claim, the amount which is supported by proof is overdue if not paid within thirty days after such proof is supplied. All overdue payments shall bear interest at the rate of two percent per month. If a valid claim or portion was overdue, the claimant shall also be entitled to recover his attorney's reasonable fee, for services necessarily performed in connection with securing payment of the overdue claim …

(vi)    Implicit in every contract of no fault insurance sold in New York State are the following regulations:

Have as your basic goal the prompt and fair payment to all automobile accident victims. Assist the applicant in the processing of a claim. Do not treat the applicant as an adversary. Do not demand verification of facts unless there are good reasons to do so. When verification of facts is necessary, it should be done as expeditiously as possible.

11 NYCRR 65 65-3.2 "Claim practice principles to be followed by all insurers":

All examinations under oath and medical examinations requested by the insurer shall be held at a place and time reasonably convenient to the applicant and medical examinations shall be conducted in a facility properly equipped for the performance of the medical examination. The insurer shall inform the applicant at the time the examination is scheduled that the applicant will be reimbursed for any loss of earnings and reasonable transportation expenses incurred in complying with the request. When an insurer requires an examination under oath of an applicant to establish proof of claim, such requirement must be based upon the application of objective standards so that there is specific objective justification supporting the use of such examination. Insurer standards shall be available for review by Department examiners.

11 NYCRR 65-3.5 "Claim procedure":

An insurer shall pay benefits for any element of loss, other than death benefits, directly to the applicant or, when appropriate, to the applicant's parent or legal guardian or to any person legally responsible for necessities, or, upon assignment by the applicant or any of the aforementioned persons, shall pay benefits directly to providers of health care services …

11 NYCRR *65-3.11 "Direct payments"*

(vii)    That based upon the above the very existence in New York of an insurance company providing No Fault policies is an advertisement to citizens/consumers of the state visa-vi the <u>No Fault Law</u> and implementing regulations that *if you buy a No-Fault policy issued by said company the company will promptly pay for your medical benefits.  Any decision not to pay will be based upon a case by case factual assessment utilizing notions of fairness.*

(ix)    Plaintiffs "advertises" in New York in the above described manner.

(x)    Plaintiffs also advertise their automobile insurance policies via heavy television exposure, print and the Internet.  The advertisements all contain the standard promise amongst other promises: if you are injured in an accident Plaintiffs will pay for your medical coverage.

(xi)    The policy purchasing citizen/consumer relies on the above advertisement when they purchase No Fault insurance policies from Plaintiffs.

(x)    That policies issued by Plaintiffs are offered through a network of independent entities – brokers – that advertise their services and a network of agents throughout the State that market their No Fault insurance policies to consumers.

(xi)  The relationship between the consumer and Plaintiffs is the ultimate in disparate bargaining positions.  There is no bargaining.  Plaintiffs have unbridled power to deny claims.

(xii)  If the citizen does not pay its premium to Plaintiffs the citizen is dropped from being insured.  The subject vehicle can no longer be driven and if the vehicle is driven the driver has his/her license revoked.

(xiii)  However if Plaintiffs does not pay claims the citizen must sue Plaintiffs. The Plaintiffs benefit from denials through the principles of "settlement lag" and the "efficient breach."

(xiv)  In addition the New York State Department of Finance which has subsumed the Superintendent of Insurance is supposed to have a consumer protection role but is instead led by members of the insurance industry in a revolving door of industry/government corruption wherein law and regulations are rarely enforced in favor of the consumer against the insurance industry.

(e)  Section 2601 of the Insurance Law prohibits insurers doing business in this State from engaging in unfair claims settlement practices proscribed by that section without just cause and with such frequency as to indicate a general business practices.  Insurance Law Section 2601(a) (4) Acts that constitute unfair claims settlement practices.

(a) No insurer doing business in this state shall engage in unfair claim settlement practices.  Any of the following acts by an insurer, if committed without just cause and performed with such frequency as to indicate a general business practice, shall constitute unfair claim settlement practices:

21

> (4) not attempting in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear …

The Plaintiffs by their false and deceptive practices are in violation of all of the above laws and regulations.

(f)    Plaintiffs, its agents, servants and employees, including but not limited to its attorneys, SIU personnel, supervisors, adjusters, and the National Insurance Crime Bureau ("NICB") have used inaccurate and false information to support its delay and denial of payment of claims.

(g)    Plaintiffs, its agents, servants and employees, including but not limited to its attorneys, SIU personnel, supervisors, adjusters, the NICB, have used inaccurate, false, and/or exaggerated information in contravention of the No-Fault regulations, Public Health Law, Education Law, Insurance Law, Judiciary Law, and New York General Business Law.  Such flagrant violations include the failure to adhere to the No-fault prompt pay requirements of the Insurance Law, Unfair Claims Settlement Practices.

(f)    Plaintiffs made misrepresentations or omissions that were likely to mislead a reasonable consumer.

(g)    That by virtue of the aforementioned conduct, Plaintiffs have engaged in a practice(s) that were likely to mislead a reasonable citizen/consumer to believe that they have insurance that covers their medical expenses, when in fact Plaintiffs had no intention of paying for the medical treatment.

(h)     That by virtue of aforementioned conduct, the Community Defendants and the consumer at large, have been injured by misrepresentations and/or omissions by Plaintiffs and Plaintiffs conduct has caused actual harm.

(i)     That the violation of various regulations and laws, including but not limited to above described conduct, *11 NYCRR 65-3.2.*; *11 NYCRR 65-3.5; NYS Insurance Law 5106*; *NY Comp Codes R. & Regs. Tit. 11 Part 216 2006 (Regulation 64) 216.0(a) preamble*; *Insurance Law Section 2601(a) (4)*; *New York Public Health Law § 4500 and 4200*; *Section 6512 of the NYS Education Law;* and *11 NYCRR 86.6(c)* constitutes not one but a multitude of improper and illicit acts conducted by the Plaintiffs.

WHEREFORE, the Community Defendants demands judgment as follows:

a.      against Plaintiffs dismissing the Complaint in its entirety;

b.      attorney fees, and the costs and disbursements of this action; and

c.      such other and further relief as to the Court may deem just, proper and equitable.

Dated: Garden City, New York
       April 14, 2015

                                        Yours etc.,


                                By:     _____/s/_____
                                        RAYMOND J. ZUPPA

                                        The Zuppa Firm PLLC
                                        Attorneys    for    the    Community
                                        Defendants

                                        The Zuppa Firm PLLC
                                        1205 Franklin Avenue
                                        Suite 340
                                        Garden City, New York 11530