UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————————x

GOVERNMENT EMPLOYEES INSURANCE CO.,
GEICO INDEMNITY CO., GEICO GENERAL INSURANCE
COMPANY and GEICO CASUALTY CO.,

                              Plaintiffs,

               -against-

STEWART BAKST, M.D., ANDREW McDONNELL,
M.D.,PROFESSIONAL HEALTH IMAGING, P.C.,
PROFESSIONAL HEALTH RADIOLOGY, P.C.,
COMMUNITY MEDICAL IMAGING, P.C.,
GRIGORIY VAYNSHTEYN, ALBERT VAYNSHTEYN,
BORIS YUABOV, BORO HEALTH MANAGEMENT,
LLC, CARDENAL MANAGEMENT CORP., BORO
FOR HEALTH, LLC, PRONET MANAGEMENT,
INC., and MARKETING CONSULTING OF NT, LLC

                              Defendants.

————————————————————————x

Docket #15-cv-00537(ARR)(JO)
ANSWER, AFFIRMATIVE
DEFENSES AND
COUNTERCLAIM
OF STEWART BAKST, M.D.

Defendant Bakst (hereinafter "Bakst" or "Defendant Bakst") by his attorney, Jeffrey A.
Rabin, Esq., answers the Complaint of Plaintiffs, GOVERNMENT EMPLOYEES INSURANCE
CO., GEICO INDEMNITY CO., GEICO GENERAL INSURANCE COMPANY and GEICO
CASUALTY CO., (hereinafter "Plaintiffs" or "Geico") as follows:

## NATURE OF ACTION

1. Paragraph 1 of the Complaint contains multiple allegations. Defendant Bakst denies those

allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1 of the

Complaint. In addition, Paragraph 1 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

2. Paragraph 2 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2 of the Complaint. In addition, Paragraph 2 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

3. Paragraph 3 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3 of the Complaint. In addition, Paragraph 3 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

4. Paragraph 4 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4 of the Complaint. In addition, Paragraph 4 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

5. Paragraph 5 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him, but admits that he is a physician licensed to practice medicine in New York and Florida. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 5 of the Complaint. In addition, Paragraph 5 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

6. Paragraph 6 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6 of the Complaint. In addition, Paragraph 6 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

7. Paragraph 7 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 of the Complaint. In addition, Paragraph 7 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

8. Paragraph 8 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8 of the

Complaint. In addition, Paragraph 8 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

9. Paragraph 9 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9 of the Complaint. Moreover, Paragraph 9 of the Complaint references Exhibits 1 through 3 of the Complaint. As those documents speak for themselves, no responsive pleading is required. In addition, Paragraph 9 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

## THE PARTIES

### I. Plaintiffs

10. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

### II. Defendants

11. Paragraph 11 of the Complaint contains multiple allegations. Defendant Bakst admits that he resides in and is a citizen of the State of Florida. He also admits that he has been licensed to practice medicine since August 9, 1995. Defendant Bakst denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint contains multiple allegations. Defendant Bakst admits that PHI is a New York medical professional corporation with its principal place of business in New York. Defendant Bakst denies the remaining allegations contained in Paragraph 13 of the Complaint.

14.   Paragraph 14 of the Complaint contains multiple allegations. Defendant Bakst admits that  PHR was a New York medical professional corporation with its principal place of business in New York. Defendant Bakst denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

## JURISDICTION AND VENUE

25. Defendant Bakst avers that Paragraph 25 of the Complaint states conclusions of law and/or fact to which no responsive pleading is required.

26. Defendant Bakst avers that Paragraph 26 of the Complaint states conclusions of law and/or fact to which no responsive pleading is required.

## ALLEGATIONS COMMON TO ALL CLAIMS

27. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. Defendant Bakst avers that Paragraph 28 of the Complaint states definitions and conclusions of law and/or fact to which no responsive pleading is required.

29. Paragraph 29 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

30. Paragraph 30 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

31. Paragraph 31 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

32. Paragraph 32 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

33. Paragraph 33 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

34. Paragraph 34 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

35. Paragraph 35 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

36. Paragraph 36 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

37. Paragraph 37 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

38. Paragraph 38 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

39. Paragraph 39 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

40. Paragraph 40 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

**The Fraudulent Incorporation and Operation of the PC Defendants**

**A. Overview of Defendants' Fraudulent Scheme**

41. Paragraph 41 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 42 of the Complaint.

**Professional Health Imaging, P.C.**

43. Paragraph 43 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 44 of the Complaint.

45. Paragraph 45 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 45

of the Complaint.

46. Paragraph 46 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 46 of the Complaint.

47. Paragraph 47 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 47 of the Complaint.

48. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him.

50. Paragraph 50 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him.

51. Paragraph 51 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 51 of the Complaint.

52. Paragraph 52 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him except admits that he resides in Florida. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of Paragraph 52 of the Complaint.

53. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the Complaint.

54. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 of the Complaint.

55. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him except admits he did participate in an interview. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 56 of the Complaint.

57. Paragraph 57 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 57 of the Complaint.

58. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 of the Complaint.

59. Paragraph 59 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 59 of the Complaint.

60. Defendant Bakst denies that he has knowledge or information sufficient to form a belief

as to the truth of the allegations of Paragraph 60 of the Complaint.

61. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 of the Complaint.

62. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 63 of the Complaint. In addition, Paragraph 63 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

64. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 64 of the Complaint.

**Professional Health Radiology**

65. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 66 of the Complaint.

67. Paragraph 67 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him except admits that he resides in Florida. Defendant Bakst

denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 67 of the Complaint.

68. Paragraph 68 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 68 of the Complaint. In addition, Paragraph 68 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

69. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 of the Complaint.

70. Paragraph 70 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 70 of the Complaint.

71. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71 of the Complaint.

72. Paragraph 72 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him.

73. Paragraph 73 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 73 of the Complaint.

74. Paragraph 74 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 74 of the Complaint.

75. Paragraph 75 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 75 of the Complaint.

76. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76 of the Complaint.

77. Paragraph 77 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 77 of the Complaint.

78. Paragraph 78 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him except admits that he did participate in an interview. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 78 of the Complaint.

79. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 of the Complaint.

80. Paragraph 80 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 80 of the Complaint.

81. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81 of the Complaint.

82. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82 of the Complaint.

**Community Medical Imaging, P.C.**

83. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83 of the Complaint.

84. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84 of the Complaint.

85. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 of the Complaint.

86. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86 of the Complaint.

87. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87 of the Complaint.

88. Paragraph 88 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 88 of the Complaint.

89. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89 of the Complaint.

90. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90 of the Complaint.

91. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91 of the Complaint.

92. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92 of the Complaint.

93. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 93 of the Complaint.

94. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94 of the Complaint.

95. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95 of the Complaint.

96. Defendant Bakst denies that he has knowledge or information sufficient to form a belief

as to the truth of the allegations of Paragraph 96 of the Complaint.

97. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97 of the Complaint.

98. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98 of the Complaint.

99. Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 99 of the Complaint.

100. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100 of the Complaint.

101. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101 of the Complaint.

102. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102 of the Complaint.

103. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103 of the Complaint.

104. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104 of the Complaint.

105. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105 of the Complaint.

106. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 106 of the Complaint.

107. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 107 of the Complaint.

108. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 108 of the Complaint.

109. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 109 of the Complaint.

110. Paragraph 110 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 110 of the Complaint.

111. Paragraph 111 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 111 of the Complaint.

**The Fraudulent Billing for Services Provided by Independent Contractors**

112. Paragraph 112 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 112 of the Complaint. In addition, Paragraph 112 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

113. Paragraph 113 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 113 of the Complaint. In addition, Paragraph 113 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

114. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 114 of the Complaint.

115. Paragraph 115 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 115 of the Complaint.

116. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 116 of the Complaint.

117. Paragraph 117 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 117 of the Complaint.

**Dr. Bakst's Failure to Practice Medicine Through PHI and PHR**

118. Paragraph 118 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

119. Paragraph 119 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

120. Paragraph 120 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

121. Paragraph 121 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

122. Defendant Bakst denies the truth of the allegations of Paragraph 122 of the Complaint.

123. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 123 of the Complaint.

124. Paragraph 124 of the Complaint contains multiple allegations. Defendant Bakst denies

those allegations as they pertain to him.

125. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 125 of the Complaint.

126. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 126 of the Complaint.

**The Fraudulent NF-3 Forms Submitted to Geico**

127. Paragraph 127 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 127 of the Complaint. In addition, Paragraph 127 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

128. Paragraph 128 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 128 of the Complaint. In addition, Paragraph 128 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

**Defendants' Fraudulent Concealment and Geico's Justifiable Reliance**

129. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 129 of the Complaint.

130. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 130 of the Complaint.

131. Paragraph 131 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 131 of the Complaint. In addition, Paragraph 131 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

132. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 132 of the Complaint.

133. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 133 of the Complaint.

134. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 134 of the Complaint.

135. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 135 of the Complaint.

136. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 136 of the Complaint.

137. Paragraph 137 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 137 of the Complaint. In addition, Paragraph 137 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

138. Paragraph 138 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 138 of the Complaint. In addition, Paragraph 138 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

139. Paragraph 139 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 139 of the Complaint. In addition, Paragraph 139 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

140. Paragraph 140 of the Complaint contains multiple allegations. Defendant Bakst denies

those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 140 of the Complaint. In addition, Paragraph 140 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

## FIRST CAUSE OF ACTION

### Against All Defendants

### (Declaratory Judgment - 28 U.S.C. §§2201 and 2202)

141. Defendant Bakst incorporates and realleges his answers to Paragraphs 1 through 140 of the Complaint as though if fully set forth herein.

142. Paragraph 142 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 142 of the Complaint. In addition, Paragraph 142 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

143. Paragraph 143 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 143 of the Complaint. In addition, Paragraph 143 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

144. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 144 of the Complaint.

145. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 145 of the Complaint.

146. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 146 of the Complaint.

147. Paragraph 147 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 147 of the Complaint. In addition, Paragraph 147 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

## SECOND CAUSE OF ACTION

### Against Dr. Bakst, Albert, Grigoriy, Yuabov, Boro Management,

### Boro Health, and Cardenal

### (Violation of RICO, 18 U.S.C. §1962(c))

148. Defendant Bakst incorporates and realleges his answers to Paragraphs 1 through 147 of the Complaint as though if fully set forth herein.

149. Paragraph 149 of the Complaint contains multiple allegations. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 149 of the Complaint. In addition, Paragraph 149 of the Complaint contains conclusions

of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

150. Paragraph 150 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 150 of the Complaint. In addition, Paragraph 150 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

151. Paragraph 151 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 151 of the Complaint. In addition, Paragraph 151 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

152. Paragraph 152 of the Complaint contains multiple allegations. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 152of the Complaint. In addition, Paragraph 152 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

153. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 153 of the Complaint.

154. Paragraph 154 of the Complaint contains multiple allegations. Defendant Bakst denies those allegations as they pertain to him. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 154 of the Complaint. In addition, Paragraph 154 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

## THIRD CAUSE OF ACTION

**Against Dr. Bakst, Albert, Grigoriy, Yuabov, Boro Management,**

**Boro Health, and Cardenal**

**(Violation of Rico, 18 U.S.C. §1962(d))**

155. Defendant Bakst incorporates and realleges his answers to Paragraphs 1 through 154 of the Complaint as though if fully set forth herein.

156. Paragraph 156 of the Complaint contains multiple allegations. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 156 of the Complaint. In addition, Paragraph 156 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

157. Paragraph 157 of the Complaint contains multiple allegations. Defendant Bakst admits that he was/were associated with PHI, but denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 157 of the Complaint. In addition,

Paragraph 157 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

158. Paragraph 158 of the Complaint contains multiple allegations. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 158 of the Complaint. In addition, Paragraph 158 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

159. Paragraph 159 of the Complaint contains multiple allegations. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 159 of the Complaint. In addition, Paragraph 159 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

160. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 160 of the Complaint.

161. Paragraph 161 of the Complaint contains multiple allegations. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 161 of the Complaint. In addition, Paragraph 161 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

## FOURTH CAUSE OF ACTION

### Against, PHI, Dr. Bakst, Albert, Grigoriy, Yuabov, Boro Management,

### Boro Health, and Cardenal

### (Common Law Fraud)

162. Defendant Bakst incorporates and realleges his answers to Paragraphs 1 through 161 of the Complaint as though if fully set forth herein.

163. Paragraph 163 of the Complaint contains multiple allegations. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 163 of the Complaint. In addition, Paragraph 163 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

164. Paragraph 164 of the Complaint contains multiple allegations. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 164 of the Complaint. In addition, Paragraph 164 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

165. Paragraph 165 of the Complaint contains multiple allegations. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 165 of the Complaint. In addition, Paragraph 165 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

166. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 166 of the Complaint.

167. Paragraph 167 of the Complaint contains multiple allegations. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 167 of the Complaint. In addition, Paragraph 167 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

168. Paragraph 168 of the Complaint contains multiple allegations. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 168 of the Complaint. In addition, Paragraph 168 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

## <u>FIFTH CAUSE OF ACTION</u>

**Against PHI, Dr. Bakst, Albert, Grigoriy, Yuabov, Boro Management,**

**Boro Health, and Cardenal**

**(Unjust Enrichment)**

169. Defendant Bakst incorporates and realleges his answers to Paragraphs 1 through 168 of the Complaint as though if fully set forth herein.

170. Paragraph 170 of the Complaint contains multiple allegations. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of

Paragraph 170 of the Complaint. In addition, Paragraph 170 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

171. Paragraph 171 of the Complaint contains multiple allegations. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 171 of the Complaint. In addition, Paragraph 171 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

172. Paragraph 172 of the Complaint contains multiple allegations. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 172 of the Complaint. In addition, Paragraph 172 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

173. Paragraph 173 of the Complaint contains multiple allegations. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 173of the Complaint. In addition, Paragraph 173 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

174. Paragraph 174 of the Complaint contains multiple allegations. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 174 of the Complaint. In addition, Paragraph 174 of the Complaint contains conclusions

of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

## SIXTH CAUSE OF ACTION

### Against Dr. Bakst, Grigoriy, and Quality Health

### (Violation of RICO, 18 U.S.C. §1962(c)

175. Defendant Bakst incorporates and realleges his answers to Paragraphs 1 through 174 of the Complaint as though if fully set forth herein.

176. Paragraph 176 of the Complaint contains multiple allegations. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 176 of the Complaint. In addition, Paragraph 176 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

177. Paragraph 177 of the Complaint contains multiple allegations. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 177 of the Complaint. In addition, Paragraph 177 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

178. Paragraph 178 of the Complaint contains multiple allegations. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 178 of the Complaint. In addition, Paragraph 178 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the

Court and all questions of fact to the trier of fact.

179. Paragraph 179 of the Complaint contains multiple allegations. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 179 of the Complaint. In addition, Paragraph 179 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

180. Paragraph 180 of the Complaint contains multiple allegations. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 180 of the Complaint. In addition, Paragraph 180 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

181. Paragraph 181 of the Complaint contains multiple allegations. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 181 of the Complaint. In addition, Paragraph 181 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

## SEVENTH CAUSE OF ACTION

### Against Dr. Bakst, Grigoriy, and Quality Health

### (Violation of RICO, 18 U.S.C. §1962(d))

182. Defendant Bakst incorporates and realleges his answers to Paragraphs 1 through 181 of the Complaint as though if fully set forth herein.

183. Paragraph 183of the Complaint contains multiple allegations. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 183 of the Complaint. In addition, Paragraph 183 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

184. Paragraph 184 of the Complaint contains multiple allegations. Defendant Bakst admits that he was/were associated and/or employed, but denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 184 of the Complaint. In addition, Paragraph 184 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

185. Paragraph 185 of the Complaint contains multiple allegations. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 185 of the Complaint. In addition, Paragraph 185 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

186. Paragraph 186 of the Complaint contains multiple allegations. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 186 of the Complaint. In addition, Paragraph 186 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

187. Paragraph 187 of the Complaint contains multiple allegations. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 187 of the Complaint. In addition, Paragraph 187 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

188. Paragraph 188 of the Complaint contains multiple allegations. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 188 of the Complaint. In addition, Paragraph 188 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

## EIGHTH CAUSE OF ACTION

### Against PHR, Dr. Bakst, Grigoriy, and Quality health

### (Common Law Fraud)

189. Defendant Bakst incorporates and realleges his answers to Paragraphs 1 through 188 of the Complaint as though if fully set forth herein.

190. Paragraph 190 of the Complaint contains multiple allegations. Defendant Bakst denies

-35-

that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 190 of the Complaint. In addition, Paragraph 190 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

191. Paragraph 191 of the Complaint contains multiple allegations. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 191 of the Complaint. In addition, Paragraph 191 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

192. Paragraph 192 of the Complaint contains multiple allegations. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 192of the Complaint. In addition, Paragraph 192 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

193. Paragraph 193 of the Complaint contains multiple allegations. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 193of the Complaint. In addition, Paragraph 193 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

194. Paragraph 194 of the Complaint contains multiple allegations. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of

Paragraph 194 of the Complaint. In addition, Paragraph 194 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

195. Paragraph 195 of the Complaint contains multiple allegations. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 195 of the Complaint. In addition, Paragraph 195 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

## NINTH CAUSE OF ACTION

### Against PHR, Dr. Bakst, Grigoriy, and Quality Health

### (Unjust Enrichment)

196. Defendant Bakst incorporates and realleges his answers to Paragraphs 1 through 195 of the Complaint as though if fully set forth herein.

197. Paragraph 197 of the Complaint contains multiple allegations. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 197 of the Complaint. In addition, Paragraph 197 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

198. Paragraph 198 of the Complaint contains multiple allegations. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 198 of the Complaint. In addition, Paragraph 198 of the Complaint contains conclusions

of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

199. Paragraph 199 of the Complaint contains multiple allegations. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 199 of the Complaint. In addition, Paragraph 199 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

200. Paragraph 200 of the Complaint contains multiple allegations. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 200 of the Complaint. In addition, Paragraph 200 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

201. Paragraph 201 of the Complaint contains multiple allegations. Defendant Bakst denies that he has knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 201 of the Complaint. In addition, Paragraph201 of the Complaint contains conclusions of law and fact to which no responsive pleading is required, and refers all questions of law to the Court and all questions of fact to the trier of fact.

## TENTH CAUSE OF ACTION

### Against Dr. McDonnell, Gregoriy, Pronet, and Marketing LLC

### (Violation of RICO, 18 U.S.C. §1962 (c))

202. Defendant Bakst incorporates and realleges his answers to Paragraphs 1 through 201 of

the Complaint as though if fully set forth herein.

202. As Paragraph 202 of Complaint does not make any allegations of fact or law with respect to Defendant Bakst, no responsive pleading is required.

203. As Paragraph 203 of Complaint does not make any allegations of fact or law with respect to Defendant Bakst, no responsive pleading is required.

204. As Paragraph 204 of Complaint does not make any allegations of fact or law with respect to Defendant Bakst, no responsive pleading is required.

205. As Paragraph 205 of Complaint does not make any allegations of fact or law with respect to Defendant Bakst, no responsive pleading is required.

206. As Paragraph 206 of Complaint does not make any allegations of fact or law with respect to Defendant Bakst, no responsive pleading is required.

207. As Paragraph 207 of Complaint does not make any allegations of fact or law with respect to Defendant Bakst, no responsive pleading is required.

208. As Paragraph 208 of Complaint does not make any allegations of fact or law with respect to Defendant Bakst, no responsive pleading is required.

## ELEVENTH CAUSE OF ACTION

### Against Dr. McDonnell, Grigoriy, Pronet, and Marketing LLC

### (Violation of RICO, 18 U.S.C. § 1962 (c))

209. Defendant Bakst incorporates and realleges his answers to Paragraphs 1 through 208

of the Complaint as though if fully set forth herein.

210. As Paragraph 210 of the Complaint does not make any allegations of fact or law with respect to Defendant Bakst, no responsive pleading is required.

211. As Paragraph 211 of the Complaint does not make any allegations of fact or law with respect to Defendant Bakst, no responsive pleading is required.

212. As Paragraph 212 of Complaint does not make any allegations of fact or law with respect to Defendant Bakst, no responsive pleading is required.

213. As Paragraph 213 of Complaint does not make any allegations of fact or law with respect to Defendant Bakst, no responsive pleading is required.

214. As Paragraph 214 of Complaint does not make any allegations of fact or law with respect to Defendant Bakst, no responsive pleading is required.

215. As Paragraph 215 of Complaint does not make any allegations of fact or law with respect to Defendant Bakst, no responsive pleading is required.

## TWELFTH CAUSE OF ACTION

### Against CMI, Dr. McDonnell, Grigoriy, Pronet, and Marketing LLC

### (Common Law Fraud)

216. Defendant Bakst incorporates and realleges his answers to Paragraphs 1 through 215 of the Complaint as though if fully set forth herein.

217. As Paragraph 217 of the Complaint does not make any allegations of fact or law with respect to Defendant Bakst, no responsive pleading is required.

218. As Paragraph 218 of the Complaint does not make any allegations of fact or law with respect to Defendant Bakst, no responsive pleading is required.

219. As Paragraph 29 of Complaint does not make any allegations of fact or law with respect to Defendant Bakst, no responsive pleading is required.

220. As Paragraph 220 of the Complaint does not make any allegations of fact or law with respect to Defendant Bakst, no responsive pleading is required.

221. As Paragraph 221 of the Complaint does not make any allegations of fact or law with respect to Defendant Bakst, no responsive pleading is required.

222. As Paragraph 222 of theComplaint does not make any allegations of fact or law with respect to Defendant Bakst, no responsive pleading is required.

## THIRTEENTH CAUSE OF ACTION

### Against CMI, Dr. McDonnell, Grigoriy, Pronet, and Marketing LLC

### (Unjust Enrichment)

223. Defendant Bakst incorporates and realleges his answers to Paragraphs 1 through 222 of the Complaint as though if fully set forth herein.

224. As Paragraph 224 of the Complaint does not make any allegations of fact or law with respect to Defendant Bakst, no responsive pleading is required.

225. As Paragraph 225 of the Complaint does not make any allegations of fact or law with respect to Defendant Bakst, no responsive pleading is required.

226. As Paragraph 226 of the Complaint does not make any allegations of fact or law with respect to Defendant Bakst, no responsive pleading is required.

227. As Paragraph 227 of the Complaint does not make any allegations of fact or law with respect to Defendant Bakst, no responsive pleading is required.

228. As Paragraph 228 of the Complaint does not make any allegations of fact or law with respect to Defendant Bakst, no responsive pleading is required.

## WHEREFORE CLAUSE

Dr. Bakst denies the allegations contained therein as they pertain to him, and denies having knowledge and information sufficient to form a belief as to the truth of the allegations against the other defendants.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

229. Plaintiffs have failed to state a claim upon which relief may be granted against Defendant Bakst.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

230. Plaintiffs complaint is barred by the Statute of Limitations

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

231. Plaintiffs have failed to plead fraud with the requisite particularity.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

232. Plaintiffs' claims against Defendant Bakst are barred in whole or in part, by the equitable doctrine of laches.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

233. Plaintiffs' claims against Defendant Bakst are barred in whole or in part, by the equitable doctrine of waiver and estoppel.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

234. Plaintiffs have failed to properly plead a valid cause of action against Defendant Bakst under the Racketeer Influenced and Corrupt Organizations Act ("RICO").

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

235. Defendant Bakst is not a proper party under RICO, and did not commit any improper acts or omissions that would give rise to a valid cause of action under RICO.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

236. Plaintiffs' Complaint against Defendant Bakst is barred by Plaintiffs' failure to file in the proper venue.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

237. Plaintiffs' claims against Defendant Bakst are barred in whole or in part because Plaintiffs' have sustained no actual damages.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

238. Plaintiffs' alleged damages as to Defendant Bakst are speculative and/or otherwise not recoverable; therefore, Plaintiffs are not entitled to any relief.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

239. Plaintiffs' claims against Defendant Bakst are barred in whole or in part, because the Plaintiffs' injuries, if any, were caused in whole or in part, by one or more third-parties not under control of the Defendant Bakst.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

240. Plaintiff's failed to mitigate their damages, if any.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

241. Plaintiffs are barred from challenging payment and/or seeking reimbursement for claims based upon services that were provided pursuant to New York State statutory, administrative and regulatory authority including, but not limited to, Insurance Law § 5106 and 11 NYCRR 65.15, since claims were submitted in a timely fashion.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

242. Under the New York State Insurance Law, the Plaintiffs are not permitted to challenge payment or reimbursement for insurance claims on grounds concerning ownership, organization, and/or corporate structure of a medical practice.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

243.    Plaintiffs are barred from asserting claims in Complaint by reason of their failure to include a necessary party to this litigation.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

244. Plaintiffs' claims are premature and barred in the Court because they have failed to offer an opportunity to arbitrate the claims comprising Plaintiffs' Complaint, which is a condition precedent to maintenance of this action.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

245. Defendant Bakst is not personally liable for the claims in Plaintiffs' Complaint under New York Law, including without limitation, the Business Corporation Law.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

246. Plaintiffs' Complaint fails to properly plead a valid cause of action for unjust enrichment against Defendant Bakst.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

247. Any conduct or action taken by or on behalf of Defendant Bakst related to the allegations in Plaintiffs' Complaint, if any, were proper and performed in good faith, without any intent to defraud, mislead or violate any law or regulation.

## AS AND FOR A FIRST COUNTERCLAIM AGAINST GOVERNMENT EMPLOYEES INSURANCE COMPANY; GEICO INDEMNITY COMPANY; GEICO GENERAL INSURANCE COMPANY and GEICO CASUALTY COMPANY

248. Plaintiffs underwrite automobile policies pursuant to the laws of the State of New York,

which include "No-Fault" benefits.

249. That Defendant Stewart Bakst, M.D. (SB), and others on his behalf, rendered necessary medical services to Plaintiffs' assignors as described in Exhibits "1&2" of the complaint.

250. That Defendant SB has completed and properly executed all forms required by the applicable New York State Insurance Department Regulation, and has submitted the required proof of claim in a timely manner.

251. That due demand has been made of the Plaintiffs by the Defendant for payment of no-fault benefits.

252. That more than thirty (30) days have elapsed since the submission of the Defendant's bills or compliance with verification requests.

253. That there has been no payment of these claims by Plaintiffs.

254. That, as a result, SB has been damaged in an amount in excess of Three Million Dollars, together with statutory interest of two percent (2%) per month pursuant to 11 NYCRR 65-3.9(a).

255. Due to Plaintiffs failure to comply with its duties under the Insurance Law and New York State No-Fault regulations, SB was required to retain counsel.

256. Pursuant to 11 NYCRR 65-4.6(e), No-Fault claimants are entitled to recover attorney's fees in the amount of twenty percent (20%) of the sum of the principle and interest recovered per claim subject to a maximum of Eight Hundred Fifty Dollars ($850.00) per claim.

**WHEREFORE,** Defendant SB demands (a) that the Complaint in this action be dismissed against it in its entirety, and (b) awarding SB his costs and disbursements, (c) on the counterclaim, SB requests the award of a Judgment for the sum of Three Million Dollars ($3,000,000.00) together with reasonable attorneys' fees, and such other relief as may be justly determined.

Dated: Brooklyn, New York

May 2[?], 2015

Yours, etc.,

JEFFREY A. RABIN, ESQ.
Attorney for Stewart Bakst, M.D.
16 Court Street - Suite 3301
Brooklyn, New York 11241
(718)625-2900

_____
JEFFREY A. RABIN (JR3371)

To:

Barry I. Levy

Rivkin Radler LLP

926 RXR Plaza

Uniondale, NY 11556-0926